UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CALL,<br>   Plaintiff,<br>  v.<br>SA MATT BADGLEY, et al.,<br>   Defendants. | Case No. 15-cv-03353-HSG<br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT**<br>Re: Dkt. No. 58 |

Pending before the Court is Plaintiff Jason Call's motion for leave to amend the first amended complaint to add Blake Massaro as a defendant. Dkt. No. 58 ("Mot."). Having considered Plaintiff's motion, Defendant's opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons articulated below, the motion is GRANTED.

**I. BACKGROUND**

On June 1, 2015, Plaintiff filed this 42 U.S.C. § 1983 action in Humboldt County Superior Court. Dkt. No. 1 at 6. The action arises out of an incident with the Humboldt County Sheriff's Department in which Defendant law enforcement officers arrested Plaintiff, who alleges he is a lawful medical marijuana user, in a drug raid. Dkt. No. 34. Subsequent to the raid, the search warrants that Defendants used were quashed for lack of probable cause, and the case against Plaintiff was dismissed. *Id.* Plaintiff's first amended complaint ("FAC") asserts twelve causes of action, including unreasonable use of force, unlawful search, unlawful seizure, false arrest, and failure to train. *Id.*

Before Plaintiff filed his FAC, the parties met and conferred regarding Plaintiff's belief that Massaro was the "Unnamed Agent/Deputy" who "pointed an automatic rifle at [Plaintiff's]

chest" during Plaintiff's arrest. Dkt. No. 58 ("Mitlyng Decl.") ¶ 3; Dkt. No. 34 ¶¶ 24, 40. Defense counsel spoke with Massaro and informed Plaintiff's counsel that Massaro had no recollection of participating in the incident and was not on the roster of officers who searched Plaintiff's home. Mitlyng Decl. ¶¶ 4-5. Consequently, Plaintiff's counsel filed the FAC without naming Massaro as a defendant and continued to investigate the identity of the Unnamed Agent/Deputy. *Id.* ¶ 6.

On June 10, 2016, Plaintiff encountered Massaro at a social event. Dkt. No. 58-1 ¶¶ 15-16. After viewing Massaro from three to four feet away, Plaintiff says he is confident that Massaro is the Unnamed Agent/Deputy who pointed the rifle at Plaintiff's chest. *Id.*; Mitlyng Decl. ¶ 8. Despite an additional meet and confer, the parties were unable to reach a stipulation to add Massaro as a defendant. Mitlyng Decl. ¶¶ 11-12.

## II.   DISCUSSION

Plaintiff moves for leave to amend the FAC to add Massaro as the Unnamed Agent/Deputy described therein. *See* Mot. In response, Defendants acknowledge the Ninth Circuit's liberal policy of permitting amendments, but represent that they will seek sanctions against Plaintiff because any amendment to add Massaro cannot be filed in good faith. Dkt. No. 59.

### A.   Legal Standard

Under Federal Rule of Procedure 15(a), leave to amend "should be freely granted when justice so requires." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). The five factors relevant to determining proper amendment are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

### B.   Analysis

On the current record, amendment of the FAC to add Massaro as a defendant should be

allowed under the liberal standard in this circuit. The Court finds no evidence of bad faith or undue delay on the part of Plaintiff. Plaintiff's counsel informed defense counsel of Plaintiff's belief that Massaro participated in his arrest prior to filing the FAC. Mitlyng Decl. ¶ 3. Moreover, after being informed that there was no evidence that Massaro participated in Plaintiff's arrest, Plaintiff's counsel filed the FAC without naming Massaro in order further investigate the identity of the Unnamed Agent/Deputy. *Id.* ¶¶ 4-6. It was not until Plaintiff saw Massaro at an event that Plaintiff's counsel sought to name Massaro as a defendant. Mitlyng Decl. ¶ 8.

Most importantly, the Court also finds no evidence that amendment would prejudice Massaro or the other Defendants in this action. Defense counsel represents Massaro and has participated in this action since its inception. *See id.* ¶ 12. Furthermore, Massaro has been on notice regarding his alleged involvement in Plaintiff's arrest since before Plaintiff filed the FAC, *see id.* ¶ 3, and discovery has not yet been completed, *see* Dkt. No. 57. If, as he represents, Massaro did not participate in Plaintiff's arrest, defense counsel will have ample opportunity to establish that fact through discovery.

Finally, the Court cannot conclude that amendment would be futile, and Plaintiff has only amended his complaint once before.

Accordingly, the Court finds that Defendants have failed to overcome the presumption in favor of leave to amend under Rule 15(a) and GRANTS Plaintiff's motion to amend.

### III. CONCLUSION

For the aforementioned reasons, the Court finds amendment of the complaint to add Massaro as a defendant appropriate and GRANTS Plaintiff's motion for leave to amend the complaint. Plaintiff may file a second amended complaint that names Blake Massaro as the Unnamed Agent/Deputy within 7 days of this Order.

//

//

//

//

Within 30 days of the date of this Order, the parties shall file a proposed case schedule that includes the completion of fact discovery by the end of December 2016 and a trial date beginning around May 30, 2017.  *See* Dkt. No. 57.

**IT IS SO ORDERED.**

Dated:  September 13, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge